IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ZACHARY L. MOYE | § | |
| VS. | § | CIVIL ACTION NO. 1:23-cv-351 |
| ANGELA N. CHEVALIER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Zachary L. Moye, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this lawsuit pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff claims he was subjected to the use of excessive force by the defendants on August 14, 2023.

Standard of Review

An in forma pauperis proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th

Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

In addition to the legal basis of the complaint, Section 1915 empowers the court to pierce the veil of the complainant's factual allegations if they are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Ancar v. Sara Plasma, Inc.,* 964 F.2d 465 (5th Cir. 1992). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless*. Denton*, 504 U.S. at 32.

In *Denton v. Hernandez*, the Supreme Court "declined the invitation to reduce the clearly baseless inquiry to a monolithic standard." *Denton*, 504 U.S. at 33. Examples of complaints within the clearly baseless inquiry are those which describe fanciful, fantastic, or delusional scenarios. A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible. Pleaded facts which are merely improbable or strange, however, are not clearly baseless for Section 1915(d) purposes. *Id.*

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570). Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. 544, 570.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably

to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Twombly*, 550 U.S. at 555.

## Analysis

*Exhaustion*

Section 1997e of the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §§ 1997-1997j, requires prisoners to exhaust administrative remedies before initiating a prison conditions case. The statute provides in pertinent part the following: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The Texas Department of Criminal Justice, Correctional Institutions Division currently employs a two step grievance procedure. *Johnson v. Johnson*, 385 F.3d 503, 515-16 (5th Cir. 2004). The prisoner must pursue the grievance through both steps of the procedure for his claims to be considered exhausted. *Id*. The formal grievance procedure available for inmates confined in TDCJ-CID take approximately ninety days to exhaust and are outlined in the Offender Orientation Handbook. *See* https://tdcj.texas.gov/documents/Offender_Orientation_Handbook_English.

The first step in the formal grievance procedure, Step 1 (I-127 form), involves the prisoner submitting a grievance to the unit grievance coordinator. The Step 1 grievance must be submitted within 15 days from the date of the alleged incident. Step 1 of the grievance process may take up to 40 days from the date the unit grievance office receives the Step 1 form for prison officials to respond or 45 days for medical grievances.

The second step in the grievance procedure, Step 2 (I-128 form), involves the prisoner submitting an appeal to the division grievance investigator.  A Step 2 grievance must be submitted within 15 days from the date the Step 1 grievance is returned to the offender.  The Step 2 process may take up to 40 days for prison officials to provide a written response or 45 days for medical grievances.

Administrative remedies must be exhausted regardless of the type of relief sought in the lawsuit and regardless of whether the particular type of relief sought is available through the applicable grievance process.  *Booth v. Churner*, 532 U.S. 731, 740-41 (2001).  The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes.  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Grievances should contain sufficient detail to give prison officials fair notice of the problem and an opportunity to address the problem that will later form the basis of a lawsuit.  *See Johnson*, 385 F.3d at 516-17.  "If an inmate claims that a guard acted improperly, we can assume that the administrators responding to the grievance would want to know - and a prisoner could ordinarily be expected to provide - details regarding who was involved and when the incident occurred, or at least other available information about the incident that would permit an investigation of the matter."  *Id.* at 517.

Attached to his complaint, Plaintiff included a letter in which he claims he tried to file a grievance, but officials at the Stiles Unit "were messing with the grievances."  Additionally, Plaintiff attached an incomplete and unprocessed grievance.  The incident which forms the basis of this complaint occurred on August 14, 2023.  Plaintiff signed his complaint a mere twenty days after

the incident on September 3, 2023. Therefore, it is clear from the face of the complaint that Plaintiff did not exhaust the available administrative remedies prior to filing this action.

The Supreme Court has explained that prisoners must exhaust available administrative remedies in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 87-91 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.,* at 90-91.

The Fifth Circuit has made clear that administrative remedies must be exhausted prior to filing a lawsuit rather than while the action is pending, and district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). "Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Id.*

Here, Plaintiff did not properly pursue his claims through all steps of the grievance process in a procedurally correct manner prior to filing his complaint. Accordingly, because Plaintiff failed to properly exhaust the available administrative remedies as required by 42 U.S.C. § 1997e, the complaint should be dismissed.

Recommendation

Plaintiff's complaint should be dismissed for failing to state a claim upon which relief may be granted based on his failure to exhaust administrative remedies prior to filing this lawsuit.

<u>Objections</u>

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 25th day of September, 2023.

_____
Zack Hawthorn
United States Magistrate Judge